# EXHIBIT A

## SUMMONS

Attorney(s) Gregory W. Kirschenbaum, Esq.

Office Address 45 Broadway, Suite 430

Town, State, Zip Code New York, NY 10006

Telephone Number (212) 248-7431

Attorney(s) for Plaintiff Daniel Teller

Daniel Teller

Plaintiff(s)

vs.

Race Winning Brands, Inc., individually and d/b/a Manley and Manley Performance Products, Inc.

Defendant(s)

# Superior Court of New Jersey

Ocean County

Law Division

Docket No: 001989-21

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED: 08/16/2021

Name of Defendant to Be Served: Race Winning Brands, Inc., individually and d/b/a Manley

Address of Defendant to Be Served: 1960 Swarthmore Avenue, Lakewood, NJ 08701

**SUMMONS**

Attorney(s) _Gregory W. Kirschenbaum, Esq._

Office Address  _45 Broadway, Suite 430_

Town, State, Zip Code _New York, NY 10006_

Telephone Number  _(212) 248-7431_

Attorney(s) for Plaintiff _Daniel Teller_

_Daniel Teller_

Plaintiff(s)

vs.

_Race Winning Brands, Inc., individually and d/b/a Manley
and Manley Performance Products, Inc._

Defendant(s)

## Superior Court of New Jersey

Ocean ▾ County

Law       Division

Docket No: _001989-21_

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_/s/ Michelle M. Smith_

Clerk of the Superior Court

DATED:  _08/16/2021_

Name of Defendant to Be Served:  _Manley Performance Products, Inc._

Address of Defendant to Be Served:  _1960 Swarthmore Avenue, Lakewood, NJ 08701_

Gregory W. Kirschenbaum, Esq.
Attorney ID No.: 326942021
Phillips & Associates, PLLC
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431

| | |
|---|---|
| DANIEL TELLER,<br><br>     Plaintiff,<br><br>v.<br><br>RACE WINNING BRANDS, INC.,<br>individually and d/b/a MANLEY, and<br>MANLEY PERFORMANCE PRODUCTS,<br>INC.,<br><br>     Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>OCEAN COUNTY-LAW DIVISION<br><br>Docket No.<br><br>**COMPLAINT, JURY DEMAND, and**<br>**DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## **NATURE OF THE CASE**

1. Plaintiff complains pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD") and the Compassionate Use Medical Cannabis Act, N.J.S.A. 24:6I-2, *et seq.* ("CUMCA"), seeking damages to redress the injuries he has suffered as a result of being discriminated against by the Defendants on the basis of his actual and/or perceived disability, as well as his use of medically prescribed cannabis, together with failure to provide a reasonable accommodation, failure to engage in the interactive process, retaliation, and failure to hire.

## PARTIES

2.  Plaintiff is a disabled male resident of the State of New Jersey, County of Ocean who suffers from anxiety and is prescribed medical marijuana to treat his disability.

3.  At all times material, Defendant RACE WINNING BRANDS, INC., individually and d/b/a MANLEY (hereinafter also referred to as "RACE WINNING BRANDS") was and is a foreign busines corporation duly existing under the laws of the State of Delaware.

4.  At all times material, Defendant RACE WINNING BRANDS was and is a foreign business corporation not authorized to do business in the State of New Jersey, but which does conduct business in the State of New Jersey.

5.  At all times material, Defendant MANLEY PERFORMANCE PRODUCTS, INC. was and is a foreign profit corporation duly existing under the laws of the State of Delaware.

6.  At all times material, Defendant MANLEY PERFORMANCE PRODUCTS, INC. was and is a foreign profit corporation authorized to do business in the State of New Jersey, and which does conduct business in the State of New Jersey.

7.  At all times material, Defendant RACE WINNING BRANDS was and is the parent company of Defendant MANLEY PERFORMANCE PRODUCTS, INC.

8.  At all times material, Defendant RACE WINNING BRANDS and Defendant MANLEY PERFORMANCE PRODUCTS, INC. were Plaintiff's prospective joint employers.

9.  At all times material, Defendant RACE WINNING BRANDS and Defendant MANLEY PERFORMANCE PRODUCTS, INC. are hereinafter collectively referred to as "Defendants."

10. At all times material, Plaintiff was a qualified prospective employee of Defendants

11. At all times material, Plaintiff was a qualified employee under the CUMCA.

12. At all times material, Defendants were and are qualified employers under the CUMCA.

## **MATERIAL FACTS**

13. In or around 2015, Plaintiff was diagnosed with anxiety.

14. In or around November 2019, Plaintiff was prescribed medical marijuana to treat his anxiety.

15. In or around November 2020, Plaintiff's prescription for medical marijuana to treat his anxiety was renewed.

16. On or about January 26, 2021, Plaintiff applied, via Indeed.com, for the "Assembly Team Member" position with Defendants at their 1960 Swarthmore Avenue, Lakewood, NJ 08701 location.

17. On or about February 10, 2021, Defendants' employee, Katie Shupe, called Plaintiff and scheduled him for an in-person interview for the following day.

18. On or about February 11, 2021, Plaintiff interviewed with Defendants' "On-site Manager," Frank (last name currently unknown).  At the end of the interview, Frank offered Plaintiff the Assembly Team Member position, pending the results of a drug test and background check. As a result, Plaintiff told Frank, "I have a medical marijuana license so it is going to show up on the drug test."  Frank replied, "I don't care, that is up to management" and told Plaintiff that he should receive an email with the job offer, as well as information for his background check and drug test.

19. Immediately thereafter, Plaintiff called Ms. Shupe and told her, "I have a valid prescription card for medical marijuana so it will show up on my drug test."  Ms. Shupe replied, "I will speak with management and let you know.  You should still fill out the online application." As a result, Plaintiff submitted the online application that day.

20. The next day, because he had not yet received an email with the offer letter, or information

for his background check and drug test, Plaintiff emailed Ms. Shupe and asked for an update. In response, Ms. Shupe called Plaintiff and said, "I spoke with [Defendant RACE WINNING BRANDS', "Vice President of Human Relations,"] Melissa O'Riley, and was told we cannot offer you the position. **We do not hire anyone who fails a drug test**." Plaintiff then explained that he should be protected by the Compassionate Use Medical Cannabis Act in New Jersey and that this was discriminatory. At the end of the call, Ms. Shupe told Plaintiff that she would call him back.

21. Plaintiff immediately emailed Ms. Shupe to memorialize their conversation. Plaintiff wrote,

> "you informed me that your company has a policy which requires all applicants to pass a drug test before employment … I informed you of the fact that my test will be positive for marijuana use. I am currently under the care of a licensed physician in the State of New Jersey and am legally prescribed medical marijuana to treat my anxiety. The use of this medication would be strictly off work hours, and by no way limits or affects my performance while on the job. **You then told me your company would not be able to offer me the position based on a failed drug test for marijuana**." Plaintiff concluded his email by requesting that Ms. O'Riley call him to discuss.

22. Plaintiff's request that Defendants comply with CUMCA was a request for a reasonable accommodation.

23. Defendants failed to engage in the interactive process.

24. To date, Plaintiff has not received any further communication from Defendants.

25. Defendants failed to hire Plaintiff because of his actual and/or perceived disability and because he requested a reasonable accommodation.

26. Defendants' policies specifically discriminated against Plaintiff because of his actual and/or perceived disability.

27. At all times material, Defendants had a practice and/or policy that discriminated against certain applicants because of their actual and/or perceived disability.

28. At all times material, Defendants had a practice and/or policy that discriminated against certain applications based on their use of legally prescribed medical marijuana.

29. On or about February 12, 2021, Defendants failed to hire Plaintiff, or ceased to consider Plaintiff, for the position at Defendants because of his actual and/or perceived disability.

30. On or about February 12, 2021, Defendants failed to hire Plaintiff, or ceased to consider Plaintiff, for the position at Defendants, based solely on his use of legally prescribed medical marijuana.

31. As a result of Defendants' actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

32. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff and has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

**AS A FIRST CAUSE OF ACTION**
**UNDER STATE LAW**
**<u>DISCRIMINATION</u>**

35. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36. New Jersey's Law Against Discrimination Section 10:5-12(a) sets forth in pertinent part as

follows:

"It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of … disability … to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

37. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff on the basis of his disability, together with failure to hire, failure to engage in the interactive process, and failure to accommodate.

38. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

39. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. New Jersey's Law Against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows:  "It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination:  d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

41. Defendants engaged in an unlawful discriminatory practice by failing to hire and otherwise discriminating against Plaintiff because he requested a reasonable accommodation.

42. Defendants violated all other applicable sections of N.J. Stat. §10:5-12(d), *et seq.*

43. As such, Plaintiff has been damaged as set forth herein.

**AS A THIRD CAUSE OF ACTION**
**UNDER STATE LAW**
<u>**DISCRIMINATION**</u>

44. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. New Jersey's Compassionate Use Medical Cannabis Act, Section 24:6I-6.1, sets forth in pertinent part as follows:

> "It shall be unlawful to take any adverse employment action against an employee who is a registered qualifying patient based solely on the employee's status as a registrant with the commission."

46. Defendants engaged in an unlawful employment practice by discriminating against Plaintiff, and rescinding Plaintiff's job offer, based solely on his status as a registered qualifying patient for medical marijuana.

47. As such, Plaintiff has been damaged as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NJLAD and CUMCA and that the Defendants discriminated against Plaintiff on the basis of his disability and status as a registered qualifying patient for medical marijuana, together with failure to engage in the interactive process, failure to accommodate, and failure to hire.

B. Awarding damages to the Plaintiff for all lost wages and benefits past and future, back pay and front pay, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
        August 3, 2021

**Phillips & Associates, PLLC**
*Attorneys for Plaintiff*

By: _____
Gregory W. Kirschenbaum, Esq.
Attorney Id No.: 326942021
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gregory W. Kirschenbaum, Esq. as trial counsel.

Dated:  August 3, 2021
      New York, New York

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By: _____
     Gregory W. Kirschenbaum, Esq.
     Attorney ID No.: 326942021
     45 Broadway, Suite 430
     New York, NY 10006
     (212) 248-7431

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned attorney for Plaintiff hereby certifies that the matter in controversy is not the subject of any other action or arbitration proceeding pending or contemplated, nor are there any other parties known to Plaintiff who should be joined in this proceeding.

Dated:  August 3, 2021
      New York, New York

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By: _____
     Gregory W. Kirschenbaum, Esq.
     Attorney ID No.: 326942021
     45 Broadway, Suite 430
     New York, NY 10006
     (212) 248-7431

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type:  ☐ ck  ☐ cg  ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
| --- | --- | --- |
| Gregory W. Kirschenbaum, Esq. | (212) 248-7431 | Ocean |

| Firm Name (if applicable) | Docket Number (when available) |
| --- | --- |
| Phillips & Associates, PLLC | |

| Office Address | Document Type |
| --- | --- |
| 45 Broadway, Suite 430 New York, NY 10006 | Complaint and Jury Demand |
| | Jury Demand  ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
| --- | --- |
| Daniel Teller, Plaintiff | Daniel Teller v. Race Winning Brands, Inc., individually and d/b/a Manley, and Manley Performance Products, Inc. |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?   ☐ Yes   ■ No |
| --- | --- | --- |
| 618 | ☐ Yes   ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
| --- | --- |
| ☐ Yes   ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?   ☐ Yes   ■ No | Name of defendant's primary insurance company (if known)   ☐ None   ■ Unknown |
| --- | --- |

| The Information Provided on This Form Cannot be Introduced into Evidence. |
| --- |

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship? |
| --- | --- |
| ■ Yes          ☐ No | ■ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)  ☐ Familial   ☐ Business |

| Does the statute governing this case provide for payment of fees by the losing party?   ■ Yes   ☐ No |
| --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?   ☐ Yes   ■ No | If yes, please identify the requested accommodation: |
| --- | --- |
| Will an interpreter be needed?   ☐ Yes   ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature:

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-001989-21

**Case Caption:** TELLER DANIEL  VS RACE WINNING
BRANDS,  INC.

**Case Initiation Date:** 08/03/2021

**Attorney Name:** GREGORY WILLIAM KIRSCHENBAUM

**Firm Name:** PHILLIPS & ASSOCIATES PLLC

**Address:** 45 BROADWAY STE 430

NEW YORK NY 10006

**Phone:** 2122487431

**Name of Party:** PLAINTIFF : Teller, Daniel

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Daniel Teller?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/03/2021                                                          /s/ GREGORY WILLIAM KIRSCHENBAUM
Dated                                                                                           Signed

```
OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER      NJ 08754
                                TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 504-0700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   AUGUST 03, 2021
                        RE:     TELLER DANIEL VS RACE WINNING BRANDS INC
                        DOCKET: OCN L -001989 21


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES DEN UYL

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 504-0700 EXT 64385.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                ATT: GREGORY W. KIRSCHENBAUM
                                PHILLIPS & ASSOCIATES PLLC
                                45 BROADWAY
                                STE 430
                                NEW YORK        NY 10006


JUQKEN1
```